Argued and submitted January 3, affirmed April 1, 1992

In the Matter of the Compensation of
Karen S. McKillop, Claimant.

BOHEMIA, INC.
and Liberty Northwest Insurance Corporation,
*Petitioners,*

*v.*

Karen S. McKILLOP,
Crown Industries, Olympic Advertising
and SAIF Corporation,
*Respondents.*

(89-00905, 89-00906, 89-08897; CA A68769)

828 P2d 1041

David O. Wilson, Eugene, argued the cause for petitioners. With him on the brief was Employers Defense Counsel, Eugene.

Karen M. Werner, Eugene, argued the cause for respondent Karen S. McKillop. With her on the brief were Thomas Carey and Coons, Cole & Carey, Eugene.

Darrell E. Bewley, Salem, waived appearance for respondent Crown Industries.

Steve Cotton, Special Assistant Attorney General, Salem, waived appearance for respondents Olympic Advertising and SAIF Corporation.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

## EDMONDS, J.

Bohemia, Inc. (employer) seeks review of an order of the Workers' Compensation Board that held that claimant's claim was filed timely. We affirm.[1]

In October, 1986, while employed at Crown Industries (Crown), claimant began to suffer pain in her elbows. In June, 1987, she was diagnosed as suffering bilateral "tennis elbow syndrome," and a doctor confirmed that the condition was related to her employment. In October, 1987, she began working for employer. In February, 1988, a doctor authorized time loss in connection with her elbow syndrome. In April, 1988, a doctor determined that claimant was suffering from carpal tunnel syndrome and confirmed her inability to work since February, 1988. Claimant filed a claim against employer in November, 1988, which was denied, in part, because it was not timely. The Board held that the claim against employer was not time-barred under ORS 656.807(1), because claimant first became disabled in February, 1988.

Employer argues that, because claimant filed the claim more than one year after she was informed that she was suffering from an occupational disease, the Board erred as a matter of law in concluding that her claim was timely. ORS 656.807(1) provides:

"All occupational disease claims shall be void unless a claim is filed with the insurer or self-insured employer by *whichever is the later of the following dates*:

"(a)   One year from the date the worker first discovered, or in the exercise of reasonable care should have discovered, the occupational disease; or

"(b)   One year from the date the claimant becomes disabled or is informed by a physician that the claimant is suffering from an occupational disease." (Emphasis supplied.)

Employer asserts that the statute requires the Board to determine the earlier of the two possible dates in subparagraph (a), and compare it with the earlier of the two possible dates in subparagraph (b). The claim must, it argues, be filed within one year after the latest of the dates thus determined.

---

[1] SAIF and Crown Industries waived appearance in this proceeding.

Employer contends that the earlier dates must be considered, because any other construction would relieve workers of the duty to exercise reasonable care in the discovery of their occupational diseases.[2] According to employer, claimant "discovered" that she was suffering from an occupational disease in December, 1986, or January, 1987. In June, 1987, she was informed by a doctor that her elbow problems were caused by her work. Therefore, the "later" of those dates would be June, 1987, and, because she did not file a claim with employer until November, 1988, her claim was untimely.

Claimant argues that "the later of the following dates" modifies each clause within subparagraphs (a) and (b) and, therefore, the relevant date is the *later* of the dates in each subparagraph. Thus, because claimant became disabled in February, 1988, her claim was filed timely.

Reading all of ORS 656.807(1) does not support employer's argument that we should first compare the dates in each subparagraph to determine which is earlier. Even if we assume that the statute is ambiguous, the legislative history refutes employer's argument. ORS 656.807 was amended in 1987. Or Laws 1987, ch 713, § 6. One of the purposes of the amendment was to extend the Statute of Limitations in recognition of the latency periods associated with some occupational diseases.[3] The initial draft of the bill was prepared by the House Task Force on Occupational Disease. One of the earlier drafts contained the phrase "whichever is earlier," but that language was rejected. It was replaced with the current language "whichever is the later of the following dates."[4] The amendments to ORS 656.807(1)

---

[2] Obviously, the date that a worker should have discovered an occupational disease can never be *after* the date that the worker actually discovered the disease. *See Note:* "Development in the Law: Workers' Compensation Law," 24 Will L Rev 341, 374-75 (1988).

[3] *See* Minutes, House Task Force on Occupational Disease, October 8, 1986, p 19; Exhibit G, House Task Force On Occupational Disease, October 8, 1986; Minutes, House Committee on Labor, March 25, 1987, pp 1, 3; Tape recording, House Committee on Labor, March 25, 1987, tape 70, side A and tape 69, side B; Exhibit F, House Committee on Labor, March 25, 1987; Minutes, Senate Committee on Labor, April 23, 1987, pp 2, 4; Tape recording, Senate Committee on Labor, April 23, 1987, tape 120, side B; Exhibits B and D, Senate Committee on Labor, April 23, 1987.

[4] *See* Minutes, House Task Force on Occupational Disease, October 8, 1986, p 28; Tape recording, House Task Force on Occupational Disease, October 8, 1986,

that were recommended by the Task Force were enacted by the legislature without any changes.

Although the two provisions of subparagraph (a) itself cannot be construed together in the light of the whole subsection (1), it does not reasonably follow that the legislature meant "the earlier date" when it expressly said "the later of the following dates." It is more likely that the legislature intended that the dates in subparagraph (a) are alternative dates to be compared with the dates in subparagraph (b) to determine the later date. We reject employer's argument. We agree with the Board that claimant's claim was filed timely.

Employer's other arguments do not require discussion.

Affirmed.

tape 30; Minutes, House Committee on Labor, March 6, 1987, p 5; Tape recording, House Committee on Labor, March 6, 1987, tape 48, side B.